## KIRK *v.* LEWIS and others.[*]

*(Circuit Court, E. D. Louisiana. December, 1881.)*

1. CONFISCATION ACT OF AUGUST 6, 1861.

A sale under the confiscation act of congress, approved August 6, 1861, (12 St. 319,) conveys to the purchaser the fee of the property, and not the life-estate only of the owner thereof.

2. PARDON.

It seems, that a pardon does not remit forfeitures where the rights of third persons have intervened.

*Armstrong's Foundry,* 6 Wall. 766, distinguished.

Plaintiff, on behalf of herself and her minor children, alleged that her late husband, R. W. Pasteur, and his brother, C. N. Pasteur, were, during their lives, the owners of certain real estate in New Orleans, known as the Virginia Press; that under proceedings taken in virtue of the act of congress, approved August 6, 1861, entitled "An act to confiscate the property used for insurrectionary purposes," on November 17, 1863, said property was seized by the United States marshal, and subsequently condemned and sold. The bill then avers that by such procedure the estate of said R. W. and C. N. Pasteur was forfeited for and during the term of their natural lives. Complainant then sets forth the death of her husband and his brother; her appointment as tutrix of their minor children; the possession of defendants of the property in question; and prays that the undivided half thereof formerly belonging to her husband be delivered up to her, and that there be an accounting for the fruits and revenues that have accumulated since the death of her husband. The defendants demurred on two grounds: (1) That proper parties had not been made; and (2) that the marshal's sale of the property, alleged in the libel, was a full and complete divestiture of title from R. W. Pasteur and his heirs, and not merely of his life-estate, as claimed by complainants.

*W. R. Mills* and *R. Stuart Dennee,* for complainants.

*John A. Campbell* and *Thos. L. Bayne,* for defendants.

BILLINGS, D. J. There have been several grounds urged in support of the demurrer. I shall consider but one: Did the respondents

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

purchase the fee of the property or only a life-estate? The bill and record of this confiscation proceeding, which are made part thereof, show a sale by the United States marshal, and a purchase by the defendants, of the property here demanded, under the act of August, 1861. That act provided for the seizure and confiscation of property used, or intended to be used, to aid in a rebellion, then a war. It made no discrimination between the property of citizens and that of aliens. It excited no scruples as to its constitutionality in the mind of the president. It was qualified and restricted by no joint resolution; in fact, it added nothing to the undoubted right of war which the government before that possessed to seize and dispose of all property used in aid of its enemies. The sole effect was to declare the purpose of congress to enforce a belligerent right. The supreme court says this emphatically in *Miller* v. *U. S.* 11 Wall. 308, and they reaffirm the same doctrine in *Osborn* v. *U. S.* 91 U. S. 477. All the cases in which the supreme court have limited the estate which passed at a confiscation sale to a life-estate have been prosecuted under the act of July 17, 1862. In all these cases the restriction has been put on the estate in consequence of the joint resolution. See *Bigelow* v. *Forrest,* 9 Wall. 341, and *Day* v. *Micou,* 18 Wall. 156. But the joint resolution was in its terms confined to the act of 1862. The effect of this confiscation, which in its terms included the fee, is to be determined by the character of the act of 1861. This the supreme court say was an exercise of the war power, and not of municipal sovereignty. This is consistent with the rulings of the supreme court in the *Armstrong's Foundry,* 6 Wall. 769. That case holds that a pardon, properly pleaded, ended proceedings under the act of 1861. That case does not decide the question presented here. The power given by the constitution to the president to pardon is without qualification, and a complete pardon remits all forfeitures except where the rights of third persons have intervened. This is equally true where the forfeiture arises under a merely municipal law or the law of nations, and does not conflict with the doctrine, as above established, that a forfeiture arising *jure belli* is to be measured by the grant of power to congress to declare war and make peace; or with the other doctrine, that the act of congress under which this forfeiture was made was the exercise of a belligerent right on the part of the government of the United States.

Let the demurrer be sustained.